**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LINDA ELIZABETH RICCHIO, | ) | NO. CV 09-02257 MMM (SS) |
|               Petitioner, | ) | |
| v. | ) | **ORDER ADOPTING FINDINGS,** |
| K. EICHENBERGER, Warden, | ) | **CONCLUSIONS AND RECOMMENDATIONS** |
| | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
|               Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation ("R&R"), and Petitioner's Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, the Court addresses Petitioner's Objections below.

Petitioner correctly asserts that the court "shall transfer" an action only if transfer is in the interest of justice. (Objections at 4). In the present situation, though, the only possible alternative to

transfer is dismissal and not, as Petitioner suggests, for the Court to "retain venue over this Petition." (Objections at 4). Venue in the Central District is improper for the reasons set forth in the Report and Recommendation.

The Court has considered Petitioner's remaining Objections and finds that these Objections do not alter the Court's adoption of the Report and Recommendation. Petitioner disagrees with the statement in the Report and Recommendation that "[her] second civil rights action and the instant Petition allege that the parole board denied parole based on a 'false enemy chrono.'" (Objections at 3 (quoting R&R at 3)). Petitioner argues that she "filed her first civil rights action [on] October 12, 2006" and that her "parole hearing was not until April 10, 2007," and "thus it is IMPOSSIBLE for Petitioner to have made that allegation [i]n the first complaint." However, the Report was discussing an allegation in her <u>second</u> civil rights action, filed on May 19, 2009, more than two years after her parole hearing. Petitioner's second civil rights action, case number CV 09-03540, does contain allegations concerning an "enemy" chrono in Petitioner's central file. <u>See</u> Complaint at 14-16, <u>Ricchio v. Manion</u>, No. 2:09-cv-03540-MMM-SS (C.D. Cal. May 19, 2009).

Petitioner further argues that she "IS NOT CHALLENGING A PAROLE DECISION." (Objections at 2). The Petition contains the following two claims:

(1) "Petitioner denied right to be secure in her papers and effects, in having a false enemy chrono relied on to deny

2

        her parole for 5 years — a retaliation for [P]etitioner filing a Section 1983 against 6 CDCR employees. Petitioner reported the sexual misconduct of C/O Robinson and was retaliatory [sic] transferred as a disciplinary [sic] free inmate for 17 years at a medium security facility to a maximum security prison, received a 5 year parole denial — the most harsh punishment, numerous retaliatory 'informative' chronos' and the fabrication of the 'enemy' chrono weeks prior to hearing."

    (2)    "Violation of Due Process and Equal Protection of Law, and Cruel and Unusual Punishment in Violation of the Fourth, Eigth [sic] and Fourteenth Amendments of the U.S. Constitution[.] Petitioner suffered retaliations by the CDCR and the Board of Prison Hearings by false and inaccurate information, via a fabricated enemy chrono placed in her prison file when considered for parole suitability. Petitioner was not informed of the fake chrono until after the denial."

(Petition at 5).

    In her Objections, Petitioner restates her claim as: "Does [sic] the California Department of Corrections and Rehabilitation and Prison Officials have the lawful authority to obtain legal documents [sic] from one prisoner's legal and confidential prison file, alter the document and then place the fraudulent document in another prisoner's legal and confidential prison file in retaliation for that prisoner exercising her

right to report the sexual misconduct of prison staff, and for filing grievance[s] and a section 1983 complaint . . . . NOT A PAROLE DECISION"? (Objections at 3). Petitioner is attempting to restate her claim as one unrelated to the parole decision. However, it is undeniable that the Petition seeks a writ of habeas corpus and that the Respondent is identified as the Warden of Petitioner's institution, the typical respondent for a habeas action. As Petitioner has brought a habeas action, it must be heard either where she was convicted or where she is housed. Petitioner cannot alter the nature of her claim through her Objections. Transfer is therefore necessary.

To the extent the Petition can be construed as something other than a challenge to the parole decision, the Petition may fail to state a claim that would invoke habeas corpus jurisdiction because it does not directly challenge the fact or duration of confinement. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). But see Docken v. Chase, 393 F.3d 1024, 1030 n.4, 1031 (9th Cir. 2004) (limiting Ramirez to "challenge[s] to internal disciplinary procedures" and holding that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute"). However, whether the Petition states a claim for habeas relief is more appropriately resolved by the United States District Court for the Eastern District of California, the proper forum for this Petition.
\\

1   Accordingly, IT IS ORDERED THAT:

2

3   1.   The Clerk of Court shall TRANSFER this action to the United
4   States District Court for the Eastern District of California.

5

6   2.   The Clerk shall serve a copy of this Order by United States
7   mail on Petitioner.

8

9   DATED: February 19, 2010

```
                                    _____
                                    MARGARET M. MORROW
                                    UNITED STATES DISTRICT JUDGE
```